IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DARREN LAMAR L., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:19-cv-1878-L-BN |
| | § | |
| ANDREW M. SAUL, | § | |
| Commissioner of Social | § | |
| Security Administration, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Plaintiff Darren Lamar L.'s counsel has filed a Motion for Attorney Fees Under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, *et seq*. *See* Dkt. No. 23.

United States District Judge Sam A. Lindsay has referred this motion to the undersigned United States magistrate judge for recommendation. *See* Dkt. No. 25.

Plaintiff successfully appealed the final decision of the Commissioner denying her application for disability insurance benefits under the Social Security Act. *See* Dkt. Nos. 20, 21, & 22. The Court remanded the case "to the Commissioner for further consideration consistent with the court's order of August 12, 2020, accepting the Findings, Conclusions, and Recommendation of the United States Magistrate Judge." Dkt. No. 22 at 1.

Plaintiff moves for an award of attorneys' fees under the EAJA, 28 U.S.C. § 2412(d). Under the EAJA, the Court must award attorneys' fees and expenses if: (1) the claimant is the "prevailing party"; (2) the government's position was not

"substantially justified"; and (3) there are not special circumstances that make an award unjust. *See Murkledove v. Astrue*, 635 F.3d 784, 790 (5th Cir. 2011) (citing 28 U.S.C. § 2412(d)(1)(A)). A claimant is the "prevailing party" for purposes of the EAJA where she obtains a "sentence four" judgment reversing denial of benefits and requiring further proceedings before the agency. *See Shalala v. Schaefer*, 509 U.S. 292, 300-02 (1993). Any attorneys' fees awarded under the EAJA must be reasonable. *See* 28 U.S.C. § 2412(b).

Here, Plaintiff is the prevailing party for the EAJA's purposes, the Commissioner has not met her burden of proving substantial justification, and no special circumstances make an award unjust.

As the prevailing party, Plaintiff seeks an award of $9,194.33 in attorneys' fees – 38.4 hours in 2019 at $199.71/hour ($7,668.86) and 7.6 hours in 2020 at $200.72/hour ($1,525.47)) – after accepting the Commissioner's correction as to the proper hourly rates. *See* Dkt. No. 26 at 1. Plaintiff's counsel has submitted an itemized statement detailing the time devoted to the case. *See* Dkt. No. 23-1.

The Commissioner also objects to the amount of fees sought, asserting that the total number of hours is not reasonable. *See* Dkt. No. 24 at 1. "The Commissioner notes that it has been acknowledged that the typical request for reimbursement of attorney's hours in an EAJA application is between 30 and 40 hours." *Id.* at 3. The Commissioner "submits that a reasonable award of attorney fees under the EAJA in this case would be $7,197.24, at an hourly rate of $199.71 for 2019 and $200.72 for 2020." *Id.* at 3.

"Specifically, the Commissioner objects to time entries from November 12, 2019, November 13, 2019, November 14, 2019, December 29, 2019, and December 30, 2019, in connection with issue research and drafting of Plaintiff's Brief, for a cumulative total of 35.20 hours" and "submits that Plaintiff's Brief does not include any novel legal arguments or uncommon factual issues" and "raises only a single point of error – pertaining to whether the ALJ properly analyzed opinion evidence." *Id.* at 5. The "Commissioner also notes that Plaintiff's counsel has been practicing Social Security law for many years" and contends that the "government is entitled to expect some additional efficiency from experienced or able counsel." *Id.* "Accordingly, the Commissioner submits that a total of 25.20 attorney hours for work performed on November 12, 2019, November 13, 2019, November 14, 2019, December 29, 2019, and December 30, 2019, in connection with preparation of Plaintiff's Brief" – resulting in "a reduction of 10.00 attorney hours" – "would be reasonable." *Id.* at 5-6.

Plaintiff replies, "without restating (much) what has already been stated in his brief, that he has already acknowledged that the time asserted in this matter is somewhat higher than the upper range of cases in this circuit that a typical Social Security appeal has an upward range of 40 hours" and explains that he "did not ignore this fact but rather explained that this case ended up on the high end of this continuum for four specific reasons: (1) [Plaintiff's counsel] was not involved in this case during the administrative proceedings, and thus had no benefit of having been working with him and his file for years prior to filing the civil action; (2) relatedly, the administrative record in this case was extremely large at almost 1800 pages; (3)

the briefing in this case (22 pages, opening and reply brief) was fact intensive and relied on intimate familiarity with the large administrative record and, after all, convinced this Court that remand was appropriate; and, (4) that awards for fees in cases involving more than 30 to 40 hours are not rare in this circuit." Dkt. No. 26 at 1-2. As Plaintiff's reply notes, the Commissioner's objection "addresses none of this, merely speculating that less time is appropriate," and does not "acknowledge or discuss that, while a reviewing court certainly has an obligation to ensure that Plaintiff's fee request in this case is reasonable, mere speculation that the briefing and other tasks should have taken less time is not an appropriate basis for the Agency to oppose Plaintiff's motion.'" *Id.* at 2.

After reviewing the briefing in this action and Plaintiff's counsel's explanation, the undersigned is not persuaded that the reduction that the Commissioner advocates is necessary or appropriate, and, after reviewing the itemized time entries, the undersigned finds the time billed for work performed on November 12, 2019, November 13, 2019, November 14, 2019, December 29, 2019, and December 30, 2019 – as well as the other hours that the Commissioner does not object to – is reasonable in light of Plaintiff's counsel's explanation and the matters at issue in Plaintiff's successful briefing.

The undersigned finds that Plaintiff is entitled an award of fees under Section 2412(d) at hourly rates of $199.71 for work done in 2019 and $200.72 for work done in 2020; that the 46 hours of work claimed are reasonable and compensable under the EAJA; and, after considering all the relevant factors, that the lodestar amount of

$9.194.33 in fees should be accepted as the appropriate award to Plaintiff under 28 U.S.C. § 2412(d). *See Perdue v. Kenny A.*, 559 U.S. 542, 552 (2010); *Saizan v. Delta Concrete Prods. Co., Inc.*, 448 F.3d 795, 800 (5th Cir. 2006); *Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993).

## Recommendation

The Court should grant Plaintiff's Motion for Attorney Fees Under the Equal Access to Justice Act [Dkt. No. 23] and award Plaintiff of $9.194.33 in attorneys' fees under 28 U.S.C. § 2412(d) and order Defendant to make the check payable to Darren Lamar L. but to mail the check to Plaintiff's attorney's address.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: April 7, 2021

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE